## Mary Tucker Gould, Appellant, v. E. Iles Kerlin and Coleman G. Buford, Appellees.

### Gen. No. 20,753.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915.

### Statement of the Case.

Action by Mary Tucker Gould against E. Iles Kerlin and Coleman G. Buford in the Superior Court of Cook county for damages for trespass to the person of the plaintiff in removing an ovarian tumor, the gist of which action was the removal of the tumor, by performing an entirely different operation from the one authorized by the plaintiff. Dr. Buford examined the plaintiff and in a letter to the plaintiff's family physician described the operation which the plaintiff complained of and what it was for. The plaintiff's family physician gave this letter to the plaintiff. She afterwards presented herself to him to be operated upon without any objection to the operation outlined in the letter. The letter follows:

"Dr. Coleman G. Buford,
        100 State Street,
                Chicago, Ill.

                                Chicago, Ill. Jan. 19, 1910.

Dr. Ben Carlos Frazier,
        Louisville, Kentucky.

My Dear Doctor:

I examined Mrs. Gould in anesthesia in the presence of Drs. Kerlin and Hequembourg. These gentlemen do a good deal of their surgical work together. Digital examination revealed a nodular tumor, the major portion of which was the size of a bantam's egg, located in the anterior surface of the rectum so that through bimanual examination I could very easily en-

gage the entire tumor in my examining fingers. The tumor was hard, its base rather narrow and movable and there seemed to be a beginning invasion of the surrounding territory at its base. The speculum revealed the above described tumor, but it did not show loss of epithelial covering anywhere. In one locality there was a dilation of veins and I think that before many weeks the tumor will break down in this area.

The affliction has probably been benign or relatively benign until lately. I think therefore that malignancy has just begun.

In considering how this patient should be operated upon, I had thought of a dissection of the vagina off of the rectum, then loosening the rectum all around as high up as I could, drawing it down through the perineum and resecting the tumor, after which the gut would be closed, replaced and the perineum and vaginal wall repaired. If on further examination this route still appeared to be usable I think I would prefer to operate by this method; at least I should like to try this route first before entering the abdomen.

I cannot tell until the parts are exposed whether a section of the gut will have to be removed or the base of the tumor excised and the wound closed by transverse suture. This would be determined at the operation, first by clinical findings and second, probably, by making a frozen microscopic section which I would examine immediately. I am inclined to think that the anal end of the gut will not have to be disturbed and that the mesentery of the sigmoid, which is free and not infiltrated, will allow sufficient freedom to make an end to end anastomosis.

I have had a good deal of experience in connection with carcinoma of the rectum and frankly admit that the cosmetic results are not as good as patients and their friends would like to have them. Occasionally we are surprised by an excellent result, but more often the commonplace thing happens, the anastomotic sutures pull out or the patient suffers from fecal fistula. Either of these are more or less amenable to treatment after the operation when sufficient time has elapsed

Gould v. Kerlin et al., 192 Ill. App. 427.

to remove a larger portion of the induration and consequent fixity of the parts resulting from repair.

Yours very truly,

Coleman G. Buford."

The tumor was removed through an incision made in the skin immediately between the external openings of the genitals and the bowels, or what the plaintiff called the "lower or rectal operation." She further claimed that she consented to an operation by an incision through the walls of the abdomen but not to the lower or rectal operation. From a judgment for defendants, on a directed verdict, plaintiff appeals.

Carlton H. Pendleton and Thomas L. Stitt, for appellant.

Robert J. Folonie, for appellees.

Mr. Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Physicians and surgeons, § 12*—*when consent to operation implied.* Where a patient presents herself to a surgeon, who had examined her, for operation without objecting to the method of operation upon her which such physician had outlined in a letter to her family physician, which she had received, the reasonable inference is that where the operation was performed as outlined it was done with her knowledge and consent.

2. Physicians and surgeons, § 12*—*when patient cannot recover on account of method employed in operating.* A patient who presents herself to a physician to have an operation performed, which he performs in the manner outlined in a letter to her family physician, which she had received, without any objection from her, and he was without any knowledge that she had objected to any one to the operation as outlined by him in such letter, cannot recover in an action of trespass against him because he performed the operation in such manner.

3. Physicians and surgeons, § 14*—*when physician merely*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*present at operation not liable.* Where a physician advises a patient to have an examination made by another physician, and is merely present in the operating room at the time the latter performs the operation, he is not liable in trespass because of the method employed.

---

**John D. Casey, Administrator, Appellee, v. Wabash Railroad Company and Chicago & Western Indiana Railroad Company, Appellants.**

**Gen. No. 20,832.     (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915.

### Statement of the Case.

Action brought by John D. Casey, administrator of the estate of Bernard J. Carroll, deceased, plaintiff, against the Wabash Railroad Company and Chicago & Western Indiana Railroad Company, defendants, in the Superior Court of Cook county.

Plaintiff recovered judgment of three thousand dollars against defendants for the death of Bernard J. Carroll, an employee of the Wabash Road, who was struck by a Wabash engine running under a contract of license on the tracks of the Chicago & Western Indiana Road near Twenty-Sixth street in Chicago. It was the custom for the Wabash Road to run a train for its employees, taking them in the morning to their various places of work along the line, and returning homeward with them in the evening. The railroad men call this train the "hurdy-gurdy."

Carroll was a switchman for the Wabash, stationed